IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IRIS VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CASE NO.: 3:14-CV-351 |
| ) | |
| PACESETTER PERSONNEL SERVICE ) | |
| OF FLORIDA, INC. KENNETH JOEKEL, ) | |
| And TAMPA SERVICE COMPANY, INC. ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, IRIS VAUGHN (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues PACESETTER PERSONNEL SERVICE OF FLORIDA, INC. TAMPA SERVICE COMPANY, INC., and KENNETH JOEKEL (hereinafter referred to as "Defendants") and alleges:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206 and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant resides in and does business within this District. In addition, a substantial part of the events and

omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, IRIS VAUGHN, is a resident of the State of Florida and worked for the Defendants, in Okaloosa County, Florida, and in surrounding areas of the District during the three (3) years before the date on which this Complaint was filed.

5. Defendant, PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., is a for-profit corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of providing general labor and skilled personnel services to clients across the United States inclusive of this District.

6. PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., has approximately 22 offices in the State of Florida, and also has offices in Alabama, Georgia, and Texas.

7. PACESETTER PERSONNEL SERVICE OF FLORIDA, INC. also transacts business under the name Pacesetter Personnel Services, and also under the name PPS Pacesetter Personnel Service.

8. Defendant, TAMPA SERVICE COMPANY, INC., is a for-profit corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of providing general labor and skilled personnel services to clients across the United States inclusive of this District.

9. TAMPA SERVICE COMPANY, INC., has approximately 22 offices in the State of Florida, and also has offices in Alabama, Georgia, and Texas.

10. TAMPA SERVICE COMPANY, INC. also transacts business under the name Pacesetter Personnel Services, and also under the name PPS Pacesetter Personnel Service.

11. KENNETH JOEKEL based on information and belief is a resident of Texas. However, he is the President of TAMPA SERVICE COMPANY, INC., and PACESETTER PERSONNEL SERVICE OF FLORIDA, INC.

12. Plaintiff, IRIS VAUGHN, worked for the Defendants performing driving services. Specifically, the Plaintiff drove the Defendants automobile and transported the Defendants' employees to various job locations.in the Florida panhandle.

## FACTUAL ALLEGATIONS

13. The Plaintiff, IRIS VAUGHN (hereinafter "Plaintiff"), was an employee of the Defendants within the meaning of the FLSA. 29 U.S.C. §203(e)(1).

14. The Defendant, TAMPA SERVICE COMPANY, INC. is an employer and enterprise engaged in interstate commerce.

15. The Defendant, PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., is an employer and enterprise engaged in interstate commerce.

16. KENNETH JOEKEL is an employer and enterprise engaged in interstate commerce.

17. The Defendant, TAMPA SERVICE COMPANY, INC. has annual income of over $500,000 per year.

18. The Defendant, KENNETH JOEKEL has annual income of over $500,000 per year.

19. The Defendant, PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., has annual income of over $500,000 per year.

20. Alternatively, if the Defendants each individually do not have revenues that total over $500,000.00, then the annual revenue all of the Defendants combined total over $500,000.00. As referenced below, the Defendants operate under a common scheme, plan, organization, with the same Managers and are otherwise intertwined or interdependent such that they create a common employer under the law and the total revenues for each would be included to determine whether they are an enterprise engaged in interstate commerce and subject to the FLSA.

21. The Defendants, as part of their business, would transact business in interstate commerce including transacting business with foreign corporations which were part of interstate commerce; would provide personnel services to various companies or clients that are in various states across the Southeast United States, including in the States of Florida, Alabama, Georgia, and Texas; purchased materials, equipment, products, and supplies from vendors, wholesalers, dealers, and suppliers out of state which were part of interstate commerce,; would advertise on the World Wide Web to potential clients and customers in and outside of Florida; and would transact and conduct business across state lines, all of which are part of interstate commerce.

22. Defendants operate personnel service companies across the Southeast United States, including in the States of Florida, Alabama, Georgia, and Texas. Although the individual office locations may operate under different corporate names, they all operate under the same trade name, to wit: Pacesetter Personnel Service and/or PPS Pacesetter Personnel Service or are marketed under this trade name. Also, the management or operation of these companies are intertwined and interdependent such that they operate as a common

        entity or common company or otherwise are operate the same.  The core management of the companies are the same, they operate under the same policies and procedures, the market to clients and employees in the same manner, they provide services to common clients-but in different locations, and they hold themselves out as Pacesetter Personnel Service or PPS Pacesetter Personnel Service The companies operate in a manner that they are simply an alter ego as the other and/or that they are one company/group of personnel service companies.

23.    The Defendants all operated under a common ownership, scheme, plan, and or common control such that they constitute a common entity. Moreover, the operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

24.    The Defendants share customers or provide similar services, but simply operate at different locations under the same name.  The Defendants are actively involved in the operation of and/or otherwise exercise common control over the individual locations and they have united/joint marketing efforts for all these locations/companies.  A website exists for all of these under the URL of http://www.pps.com.  Said website identifies the offices throughout the Southeast and implies that the locations are interrelated or affiliated with each other and jointly markets these locations and/or services.

25.    The Plaintiff at all times material herein was an employee of the Defendants as defined under the meaning of FLSA.

26. Plaintiff was an employee of the Defendants within the last three (3) years. Plaintiff was employed as a driver, company driver, other similar position, at the Defendants location in Ft. Walton Beach, Florida. As part of her duties, the Plaintiff drove employees of the Defendants to different work locations across the Florida panhandle. The Plaintiff would drive the Defendants vehicle and would perform work for the Defendants and performed other duties as provided to her by the Defendants.

27. At all times material herein, Plaintiff was an employee of the Defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1).

28. Plaintiff was hired by "Managers" of the Defendants, worked at the Defendants' location, drove the Defendants vehicle, was paid by the Defendants, was assigned work activities by the Defendants, performed work for the Defendants, and drove employees of the defendants to different job locations. The Defendants also had the power to hire and fire the Plaintiff, to modify or adjust the Plaintiff's employment conditions, and to determine the Plaintiff's rate of pay and hours worked

29. The Defendants controlled the Plaintiff's day to day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, could terminate the Plaintiff, set the Plaintiff's rate of pay; determined whether Plaintiff was to be paid overtime or the minimum wage; set work schedule, including the number of hours per week that each Plaintiff worked; assigned work duties; determined when the Plaintiff would leave for the day; and trained each Plaintiff. Defendants are also responsible for implementing a policy of not paying the Plaintiff for each and every hour that she worked for the Defendants.

30. Defendants had a policy in place where they would only pay the Plaintiff, and other drivers, for the time in which they were actually driving. They would not pay the drivers prep time, wait time, or time where the driver was forced to be early.

31. The Defendants have at least two employees who are involved in interstate commerce.

32. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

33. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA, or was not properly paid overtime as required by the FLSA.

34. The Plaintiff did not supervise 2 or more full time employees.

35. The Plaintiff was not a managers.

36. The Plaintiff did not have advanced knowledge in the field of science or learning.

37. The Plaintiff did not have the authority to hire or fire employees.

38. The Plaintiff did not make suggestions or recommendations as to hiring, firing or advancement of employees.

39. The Plaintiff did not exercise desertion or independent judgment over matters of significance. She did not have the right or ability to create, implement or modify management policies; she did not have the ability to commit the Defendants to matters of significant financial impact; she did not have the ability to establish policies without prior approval; and she did not have the ability to waive or deviate from established policies.

40. Plaintiff has been treated as a "non-exempt" employee within the meaning of the FLSA and implementing regulations of the U.S. Department of Labor.

Case No. 3:14-cv-351
*Amended Complaint*
Page 7 of 10

41. Plaintiff was, at all times during the violation period, classified by the Defendants as non-exempt under the FLSA and was not properly paid the Federal minimum wage for all hours worked.

42. All records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

43. Defendants knew and were aware at all times that the Plaintiff was not being paid the Federal Minimum. Defendants purposefully, intentionally, and wrongly failed to pay the Plaintiff the Federal Minimum wage for all hours worked.

44. Defendants knew, or showed reckless disregard for, the fact that its failure to properly pay the Federal Minimum wage was in violation of the FLSA.

45. Defendants have failed to maintain accurate records of the hours worked by the Plaintiff.

46. The Defendants actions in failing to pay the Plaintiff the applicable minimum wage or overtime compensation, as required by the FLSA, were willful.

## COUNT I – Failure to Pay Wages Under the FLSA

47. Plaintiff re-alleges and incorporates all the above paragraphs as if set forth fully herein.

48. When the Plaintiff worked for the Defendants, she was not paid at least the minimum wage for every hour that she worked for the Defendants as required by the FLSA.

49. The FLSA requires an employer to pay employees at least the minimum wage for every hour that they work.

50. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives

compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times the regular rate of pay.

51. The FLSA mandates an employer pay its employees time and a half (1 ½) for each and every hour worked in excess of forty (40) hours in a work week.

52. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

53. The Plaintiff was not an exempt employee.

54. The Defendants were aware the Plaintiff was not paid for each and every hour that they worked.

55. The Defendants were responsible for keeping track of the hours Plaintiff worked; however, the Defendants failed to keep proper and adequate time records for the hours the Plaintiff worked for the Defendants.

56. The Defendants failed and refused to properly compensate the Plaintiff for the minimum wage or the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

57. Because of the Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

58. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined by the Court, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays this Court to enter a judgment declaring that the Defendants have violated the FLSA by failing to properly compensate the Plaintiff for all hours

worked and for failing to keep adequate time records; declare that the Defendants' violations of the FLSA were willful; and award Plaintiff damages for the amount of unpaid minimum wages and overtime compensation, subject to proof at trial; award Plaintiff liquidated damages, and award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMANDED

DATED this 18th day of September, 2014.

>Respectfully submitted,
>
>/s/ Jeremiah J. Talbott
>JEREMIAH J. TALBOTT, ESQ.
>Fla. Bar No. 015484
>TYLER L. GRAY, ESQ.
>Fla. Bar No. 0059738
>Law Office of Jeremiah J. Talbott, P.A.
>900 East Moreno Street
>Pensacola, FL  32503
>(850) 437-9600 / (850) 437-0906 (fax)
>jjtalbott@talbottlawfirm.com;
>tyler@talbottlawfirm.com;
>civilfilings@talbottlawfirm.com
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of September, 2014, I electronically filed the foregoing with the Clerk of Court utilizing the CM/ECF system, which will send same to counsel for Defendants.

>Respectfully submitted,
>
>/s/ Jeremiah J. Talbott
>JEREMIAH J. TALBOTT, ESQ.